IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY E. BEAUCLAIR,

        Plaintiff,

    v.               CASE NO.  14-3020-SAC

DENNIS HIGH, et al.,

        Defendants.


## MEMORANDUM AND ORDER

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the El Dorado Correctional Facility-Oswego (OCF).  Plaintiff claims that a disciplinary report charging him with forgery was false and written by a correctional officer in retaliation for a grievance he wrote against her.  The court finds that this action is subject to dismissal as frivolous and for failure to state a claim. Plaintiff is given the opportunity to show good cause why this action should not be dismissed.

Mr. Beauclair was previously given time to satisfy filing fee prerequisites and has done so by paying the fees in full.


## ALLEGATIONS AND CLAIMS

Plaintiff names as defendants: Staff Sgt. Dennis High, OCF; Lt. Chrise Zenk, OCF; and Nancy Kemp, Nurse/RN, OCF.  As the

factual background for this complaint, he alleges as follows. On December 9, 2013, Mr. Beauclair submitted a "grievance against defendant Nancy Kemp for violating IMPP 02-118" and other misconduct.[1]   In this grievance, he claimed that at the Informal Resolution stage[2] Kemp "lied to cover-up the fact" that plaintiff "was being denied adequate medical care" that was causing him "needless pain and suffering" in violation of the Eighth Amendment.   A KDOC inmate is required to attach his Informal Resolution (IR) to his form-9 grievance in order to verify that he attempted informal resolution.[3]   However,

---

[1]   Plaintiff submitted 32 pages of exhibits with his complaint including some administrative records from his disciplinary proceedings, but does not provide a copy or detailed summary of the grievance in which he claimed that defendant Kemp had lied regarding his medical care.

[2]   The Kansas Department of Corrections (KDOC) makes a multi-step grievance procedure available to its inmates.   The process must begin "at unit team level" with an attempt at informal resolution (KS ADC 44-15-101(b)) and thereafter proceed through three "levels of problem solving."   KS ADC 44-15-101(d); 102.   If the attempt at informal resolution is unsuccessful, the inmate next submits a grievance to a Unit Team member.   KS ADC 44-15-101(d).

[3]   KS ADC 44-15-102(b) pertinently provides:

   Grievance step two: complaint to the warden.   If any inmate receives a response but does not obtain a satisfactory solution to the problem through the informal resolution process within 10 calendar days, the inmate may fill out an inmate grievance report form and submit it, within three calendar days after the deadline for informal resolution, to a staff member for transmittal to the warden.

   (1) The inmate shall attach a copy of each inmate request form used to attempt to solve the problem and shall indicate on the inmate grievance report the following information:

                        * * *

   (D) the name and signature of the responsible institution employee . . . from whom the inmate sought assistance.   This signature shall be on either an inmate request form or the

plaintiff did not want to part with his original IR, which apparently had been signed by Kemp, and instead attached a copy that he had handwritten with "hand copy" at the top.[4]   See Complaint, Doc. 1-1 at 14.   On this copy he handwrote Kemp's signature.

Defendant Kemp saw plaintiff's Form 9 grievance and wrote a Disciplinary Report (DR) on December 10, 2013, charging Mr. Beauclair with a "Class One Offense."   Plaintiff exhibits this DR (Doc. 1-1 at 23) in which Kemp described the "Alleged Violation of Law or Rule" as:

> 44-12-1101    Attempt,    conspiracy,    accessory, solicitation, liability for offenses of another.[5]   To Wit 21-5823(a)(1)(2),[6] forgery Class 1 Offence (sic).

---

grievance report form.   The date on which the help was sought shall be entered by the employee on the form . . . .

*Id.*   Subsection (3)(F) provides that any "grievance report form may be rejected by the warden if the form does not document any unit team action as required for the preliminary informal resolution process."   Finally, the inmate may appeal to the Secretary of Corrections.   *Id.*

[4]    Plaintiff's own allegations indicate that he had used up his "copy tickets" allowance two years earlier, his photocopying "within KDOC" had been "disallowed," and the warden as well as state court judges had advised him in unrelated matters that he could submit handwritten rather than machine-produced copies.   *Id.*

[5]    It is not apparent how this language imparts a charge of forgery.

[6]    Section 21-5823, in pertinent part, defines the criminal offense of forgery as follows:

> (a) Forgery is, with intent to defraud:
>
> (1) Making, altering, or endorsing any written instrument in such manner that it purports to have been made, altered or endorsed by another person . . . .
>
> (2) issuing or distributing such written instrument knowing it to have been thus made, altered or endorsed . . . .

Kemp reported in the DR that on December 10 she "received a grievance with a form 9 and a letter attached" and that "[u]pon reviewing the form 9" she "noticed signature and handwriting at the bottom of the form 9 as not my hand writing nor my signature."  She noted that the papers were from Beauclair and that the form 9 had "hand copy" written on it.

Kemp's DR contained no evidence of the elements of forgery and no evidence of plaintiff's intent to defraud anyone.  *Id.* at 15.  Defendant Zenk, the shift supervisor, "read and approved"[7] the DR and thus agreed that submitting a handwritten "copy" of Kemp's signature was forgery.  Zenk served plaintiff with the DR on December 11, 2013.  On December 18 and 19, 2013, defendant High listened to, then disregarded, plaintiff's motion to dismiss based upon a lack of intent to defraud and conducted a disciplinary hearing on the DR.  Plaintiff presented evidence, and Kemp testified but presented no evidence of forgery.[8] Hearing Officer High agreed with Kemp and Zenk that plaintiff's

---

*Id.*

[7]   Under KS ADC 44-13-201(c)(3) and (4), the "shift supervisor or unit team manager shall review and either approve or disapprove" the DR and "assure that all necessary elements of the alleged violation are contained" in the DR and that it is not an abuse of the disciplinary process.

[8]   In his "Declaration" attached to his complaint (Doc. 1-1 at 20), plaintiff alleged that Kemp repeatedly answered "it was not my signature" to his questions at the hearing.  He further alleged that High had consulted with "others" and "all felt that I should not have made the hand copy and put Kemp's signature" on it.  *Id.* at 22.

copying of Kemp's signature amounted to forgery and found plaintiff guilty.   High sanctioned Beauclair with 45 days disciplinary segregation but suspended this punishment for 180 days.   High immediately imposed additional sanctions of 60 days restrictions, a $20.00 fine, and 90 days loss of good time. Plaintiff began "serving the punishment" on December 19, 2013. He appealed the hearing officer's decision; and on January 7, 2014, the Warden overturned plaintiff's disciplinary conviction finding that: "does not meet criteria."

In Count II of his complaint, Mr. Beauclair claims that defendant High violated due process in that High failed to provide a full and fair hearing, was not "an impartial decision maker," found plaintiff guilty "with no evidence at all of forgery,"[9] and provided no "written disposition" stating the evidence relied upon.

As Count I, plaintiff claims that defendant Kemp violated his First and Fourteenth Amendment rights "to Free Speech of Retaliation" and acted in an "arbitrary and capricious" manner. As Count III, he claims that defendants Zenk and High violated his First and Fourteenth Amendment rights "under 'supervisory liability'" . . . "of 'retaliation' of 'Free Speech' with defendant Nancy Kemp."   In support, he alleges that defendants

---

[9]    Plaintiff alleges that defendant Kemp "did not enter any evidence" of a forgery at the hearing and that her statement in the DR was relied upon instead.  The statement of the reporting officer is evidence.

Zenk and High were personally involved in the constitutional violation by Kemp, knew of her violations but failed to act to prevent them, and unreasonably approved the DR finding that plaintiff's handwritten copy of Kemp's signature constituted forgery when plaintiff had no intent to defraud. He further claims that the acts of defendants Zenk and High were "arbitrary and capricious" and violated K.A.R. 44-13-403 and 44-13-409 and that defendant Zenk violated his duty under K.A.R. 44-13-201(c)(3) and (4).[10]

Plaintiff seeks relief in the form of "an injunction to not be transferred," as well as nominal damages "in the maximum amount" and punitive damages in the amount of $50,000.

## SCREENING

Because Mr. Beauclair is a prisoner suing state officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

---

[10]     Plaintiff's allegations throughout of "deliberate indifference" and "reckless disregard" to his constitutional rights are nothing more than formulaic recitations and do not warrant further discussion.

must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Its "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how

the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## OTHER APPLICABLE LEGAL STANDARDS

### 1. *Due Process Challenges to Prison Disciplinary Proceedings*

In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court made clear that discipline in the form of segregated confinement ordinarily does not present the sort of "atypical, significant deprivation" that gives rise to a liberty interest protected by the Due Process Clause.  See *Sandin*, 515 U.S. at 486; *Talley v. Hesse*, 91 F.3d 1411, 1412 (10th Cir. 1996); see *McDiffert v. Stotts*, 902 F. Supp. 1419, 1426 (D. Kan. 1995).  In *Sandin*, the Court reasoned that:

> [S]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause (cites omitted).  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, (cites omitted), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life.

*Sandin*, 515 U.S. at 483-84.  Likewise, punishments of fines and disciplinary segregation for a limited number of days generally "fail to implicate a protected liberty interest." *Hornsby v. Jones*, 392 Fed.Appx. 653, 655 (10th Cir. 2010)(citing *Sandin*, 515 U.S. at 483-84, 487).  Consequently, the due process requirements set forth in *Wolff v. McDonnell* simply do not apply.

On the other hand, "[i]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007)(quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996))(internal quotation marks omitted); *Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991)(*quoting Ponte v. Real*, 471 U.S. 491, 495 (1985)).  The United States Supreme Court has held, however, that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Instead, the Supreme Court has held that when a liberty interest is implicated in prison disciplinary proceedings, the charged inmate is entitled at a minimum to: (1) advance written notice of the charges; (2) an opportunity to call witnesses and present

documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. The "relevant inquiry is what process (the inmate) received, not whether the [hearing officer] decided [his] case correctly." *Swarthout v. Cooke*, ___U.S.___, 131 S. Ct. 859, 863 (2011)(per curiam).

### 2. *Retaliation*

An "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006)(quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)); *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1165 (10th Cir. 2009)("To establish a First Amendment retaliation claim, a plaintiff must show that (1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally

protected conduct."). Thus, "it is imperative that plaintiff's pleading be factual and not conclusory," and "[m]ere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). In addition, in order to prevail a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. *Baughman v. Saffle*, 24 Fed.Appx. 845, 848 (10th Cir. 2001)(citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990); *Peterson*, 149 F.3d at 1144)).

### 3. *Exhaustion of Administrative Remedies*

"42 U.S.C. § 1997e(a) . . . requires that 'available' administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983." *Brown v. Chandler*, 111 Fed.Appx. 972, 977 (10th Cir. 2004)(citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

### 4. *State Law Violations*

The allegation that a state law or regulation was violated is a matter of state law only and does not present a federal constitutional violation so as to state a claim for relief under § 1983.

## DISCUSSION

Applying the foregoing standards, the court finds that the complaint is subject to dismissal for the following reasons.

### 1. *Complaint not upon Court-Approved Forms*

In its prior Order, plaintiff was directed to submit his complaint upon court-approved forms.   He failed or refused to comply with this direction.   Mr. Beauclair is no stranger to this court and is well aware of this local court rule.[11]   This action may be dismissed on this basis alone.

### 2. *Claim of Denial of Due Process*

Plaintiff's allegations that he was sanctioned with a fine, placed in administrative segregation,[12] and his privileges were restricted for a number of days, taken as true, simply fail to evince a federal constitutional deprivation.   As noted, these particular punishments generally "fail to implicate a protected liberty interest" and, as a consequence, the due process requirements set forth in *Wolff v. McDonnell* are simply not required.

On the other hand, forfeiture of good time as a disciplinary sanction generally implicates a protected liberty

---

[11]   Mr. Beauclair previously filed five civil cases that were dismissed and currently has seven other civil cases pending before this court.   Often when he has been ordered to submit his complaints upon court-approved forms as required by local court rule, he attaches pages within his complaint rather than properly filling in the forms.   Plaintiff is directed that he must present all his claims and allegations in the proper spaces upon his form complaint, that he may only attach additional pages as necessary, and that each such extra page must plainly indicate the section of the complaint that is continued thereon.

[12]   "[T]o the extent (plaintiff) is alleging his liberty interests were violated by his placement in administrative segregation, his claim is frivolous under *Sandin*." *Griffin v. Samu*, 65 Fed.Appx. 659, 660 (10th Cir. 2003).

interest and thus requires the due process protections afforded by *Wolff*. However, the Tenth Circuit has held that the revocation of good time credits does not violate the Due Process Clause where "those credits were returned" and "the temporary taking of those credits did not have any impact on Plaintiff's sentence." *Hudson v. Ward*, 124 Fed.Appx. 599, 601 (10th Cir. 2004)(citing see *Morgan v. McCotter*, 365 F.3d 882, 889 (10th Cir. 2004), *cert. denied*, 546 U.S. 946 (2005)(no due process violation resulted where good time credits were restored)); see also *Young v. Hoffman*, 970 F.2d 1154 (2nd Cir. 1992)(no need to decide due process violation because prisoner ultimately afforded due process by administrative reversal and expungement of disciplinary proceeding), *cert. denied*, 510 U.S. 837 (1993); *In re Hancock*, 192 F.3d 1083, 1086 (7th Cir. 1999)(rehearing cured any deprivation of due process suffered in first prison disciplinary hearing).

Mr. Beauclair challenged the validity of the disciplinary sanctions imposed upon him by way of administrative appeal and was successful. His appeal was decided in less than three weeks after the sanction was imposed. He makes no claim that his 90-days of good time remain forfeited, and the court assumes that this sanction was overturned by the Warden's decision.[13]

---

[13] Any claim that he is entitled to restoration of good time credit must be raised in a federal habeas corpus petition and is not properly litigated in this civil complaint. In addition, such a claim requires the petitioner

Plaintiff alleges no facts suggesting any lasting impact upon his sentence.   Thus, under *Hudson* plaintiff fails to state a claim of denial of due process.   Furthermore, if plaintiff's good time credits have been restored, his due process claims arising from their revocation are moot.   *Brown*, 111 Fed.Appx. at 977.

Given that plaintiff successfully overturned his disciplinary conviction prior to bringing this action, he seeks damages in federal court based only upon acts taken by defendants during the initial charge and disciplinary hearing that were negated and cured on administrative appeal.   Even if plaintiff could plausibly argue that a "live controversy" exists under these circumstances, his own allegations and exhibits show that he was afforded adequate due process in the challenged proceedings.   Plaintiff alleges that defendant High violated due process in that High failed to provide a full and fair disciplinary hearing, was not "an impartial decision maker," found plaintiff guilty "with no evidence at all of forgery," and provided no "written disposition" stating the evidence relied upon.   All these allegations are refuted by plaintiff's own allegations and Exhibit of "Disposition of Disciplinary Case." Petition (Doc. 1-1) at 3-4.   In the latter document, defendant

---

to show that he exhausted state court remedies prior to seeking relief in federal court.

High set forth all the evidence presented at the hearing including Beauclair's statements and Kemp's testimony. Nurse Kemp testified that her name was signed upon Beauclair's hand-copied form 9 grievance but was not written by her. After continuing the hearing to consult with other prison officials, High found Beauclair guilty reasoning that "no inmate should be able to sign another person's signature to any paperwork, and the courts never stated the signature could be copied." *Id.* at 4.

Plaintiff's claim that defendant Kemp filed a "false" disciplinary report does not entitle him to relief. A prisoner's allegations of false disciplinary reports do not give rise to a due process claim, provided the disciplinary proceedings otherwise are adequate. See, e.g., *Smith v. Messinger*, 293 F.3d 641, 654 (3rd Cir. 2002)(prisoner that had a hearing and could challenge prison official's alleged perjury in a disciplinary proceeding received adequate due process); *Freeman v. Rideout*, 808 F.2d 949, 951-2 (2nd Cir. 1986)("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest;" and false disciplinary charge does not give rise to per se constitutional violation, provided the inmate is given an adequate hearing and opportunity to rebut the false charges pursuant to *Wolff*.). In

this case, it is apparent from plaintiff's vindication on administrative appeal that adequate due process was provided.

In sum, plaintiff's allegations that he was charged with an offense, initially found guilty, and the guilty finding was overturned on administrative appeal evince no federal constitutional violation. His civil rights complaint based upon this utterly ordinary and harmless incident that has already been remedied is frivolous.

### 3. Retaliation Claim

"[I]f in fact DOC officials retaliated against [plaintiff] based on his filing administrative grievances, they may be liable for a violation of his constitutional rights." *Fogle*, 435 F.3d at 1264. However, Mr. Beauclair's claim of retaliation is subject to dismissal for two main reasons. First, before such a claim may be litigated in federal court, 42 U.S.C. § 1997e(a) requires that administrative remedies were fully exhausted. *Griffin*, 65 Fed.Appx. at 661. It appears from plaintiff's own exhibits that he has not exhausted his claim that Kemp's act of writing a DR was retaliatory. *Id.* The grievances provided by Mr. Beauclair do not include a claim of retaliation against Kemp or the other defendants. Instead, plaintiff asserted the lack of substantial evidence to establish his guilt. The Tenth Circuit addressed a similar situation and determined that the prisoner's appeal of his misconduct

conviction did not satisfy the exhaustion requirement as to the prisoner's claim that the misconduct was brought against him as a form of retaliation. *Carr v. Brill*, 187 Fed.Appx. 902, 905 (10th Cir. 2006).   Here, Mr. Beauclair provides exhibits regarding his efforts to exhaust his due process claims, but makes no attempt to show that he exhausted his retaliation claims.   Plaintiff is barred by § 1997e(a) from pursuing his retaliation claim in federal court until he has fully and properly exhausted the available prison administrative remedies.[14]

Even if plaintiff can prove that he exhausted his retaliation claim, it is subject to dismissal because the facts alleged in support are not specific.   As noted, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights."   Courts have recognized that in retaliation claims the presentation of circumstantial evidence such as temporal proximity, a chronology of events, or suspicious timing may be sufficient to support allegations of retaliation.   See *Maschner*, 899 F.2d at 949 (holding that the inmate sufficiently supported retaliation claim with "only means available to him-circumstantial evidence of the suspicious

---

[14]    If, as it appears, plaintiff did not exhaust his retaliation claim prior to filing this action, it is likely that he has procedurally defaulted this claim.

timing of his discipline, coincidental transfers of his witnesses and assistants"). Plaintiff alleges that defendant Kemp wrote the DR charging him with forgery in retaliation for a prior grievance he had written against her. However, as noted, Mr. Beauclair does not include the prior grievance that he allegedly wrote against defendant Kemp among his many exhibits. Nor does he adequately summarize the facts upon which his grievance against Kemp was based or provide the administrative response. "A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient." *Nielander*, 582 F.3d at 1165; see also *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)("[T]he inmate must allege more than his personal belief that he is the victim of retaliation."). Plaintiff's bald allegation that defendant Kemp acted in retaliation because of his prior grievance is not supported by sufficient facts.

In addition, plaintiff alleges no facts whatsoever showing that the alleged retaliatory act by Kemp, that is the writing of the DR against him, would not have occurred "but for" defendant Kemp's retaliatory motive. See *Murray v. Albany County Board of County Commissioners*, 211 F.3d 1278 (10th Cir. Apr. 20, 2000)(Table)(inmate's claim of retaliation under § 1983 should have been dismissed without prejudice for failure to state a valid claim in the absence of allegations involving retaliatory

motive, causation, and personal participation). Plaintiff does not describe circumstantial or other evidence in his possession from which the court could plausibly conclude that Kemp wrote the DR against him due to his engagement in protected activities or that she would not have written the DR "but for" those activities. The record shows that Kemp wrote the DR against Mr. Beauclair after she became aware that he had written her name as a signature upon his hand-copied form 9 grievance and she recognized that this signature was not her writing.[15] Plaintiff never denied that he wrote Kemp's name as a signature on his document.[16]

In any event, the record discloses that Kemp's DR has not chilled plaintiff's pursuit of legal claims. A review of this court's records reveals to the contrary that subsequent to

---

[15] Some courts have held that where, as here, a prisoner asserts that the writing of a DR was motived by retaliation, no claim for relief is stated so long as the DR was supported by some evidence and the prisoner received adequate due process in the disciplinary action. See e.g., *O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011)("[A] prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction.")(citations omitted); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008)("claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule."); *Freeman v. Rideout*, 808 F.2d 949, 952 (2nd Cir. 1986)("[a]lthough prisoners are entitled to be free from arbitrary action and conduct of prison officials, the protections against arbitrary action are the procedural due process requirements as set forth in *Wolff v. McDonnell*")(citations omitted).

[16] Instead, he argued that his act was not intentional forgery and should not be sanctioned due to circumstances presented by him in response to the DR, including that his photocopy privileges had been suspended. These arguments failed to convince the hearing officer but were successful on appeal.

Kemp's DR, Mr. Beauclair filed six new civil lawsuits in this court. Nor does plaintiff allege facts showing that his grievance filing was "chilled" by Kemp's DR. His own allegations and exhibits describe other circumstances[17] that are the likely source of any "chilling effect" upon plaintiff's apparent abuse of the prison grievance process. Plaintiff does not allege that these limitations upon his grievances were imposed by defendants, were motivated by retaliation, or amount to arbitrary or unreasonable action on the part of defendants.

Plaintiff's allegations that defendants Zenk and High were personally involved in the constitutional violation by Kemp, knew of her violations but failed to act to prevent them, and unreasonably approved the DR finding that plaintiff's handwritten copy of the IR constituted forgery when plaintiff had no intent to defraud are likewise without merit for the foregoing reasons.[18]

### 4.  *Other Claims*

Plaintiff's claims that Kemp acted in an "arbitrary and capricious" manner and that the acts of defendants Zenk and High were "arbitrary and capricious" are conclusory statements that

---

[17]    Due to his abuse of the prison grievance process, plaintiff has been charged for grievances, and many of his grievances have been denied as repetitive.

[18]    Plaintiff may not rest on the doctrine of respondeat superior to impose liability under § 1983. *Rizzo v. Goode*, 423 U.S. 362 (1976); see e.g., *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

are not supported by the facts alleged in the complaint.  The
same is true of plaintiff's claims that the acts of defendants
Zenk and High violated K.A.R. 44-13-403 and 44-13-409 and that
defendant Zenk violated his duty under K.A.R. 44-13-201(c)(3)
and (4).  Moreover, the latter claims are allegations of state
law violations, which are not grounds for relief under § 1983.

## REQUESTS FOR RELIEF

Plaintiff's specific request for injunctive relief is for
an order against future prison transfers.  This request is not
supported by sufficient factual allegations or legal authority.
The court does not have general authority to override decisions
of the KDOC as to the placement and transfer of state inmates.
Plaintiff does not even allege that any named defendant caused
his past transfers and does not allege facts showing that his
federal constitutional rights would be violated by a future
transfer.  Thus, plaintiff is not entitled to the specific
injunctive relief that he requests.

Nor has plaintiff alleged facts showing his entitlement to
damages.  As noted, his allegations and exhibits show that his
disciplinary conviction was quickly overturned on administrative
appeal and thus indicate that he suffered no actual injury that
might entitle him to damages under § 1983.  He does not suggest
that he suffered any physical injury as a result of defendants'

acts.  42 U.S.C. § 1997e(e) provides, in pertinent part:

> No Federal civil action may be brought by a prisoner
> confined in a jail, prison, or other correctional
> facility, for mental or emotional injury suffered
> while in custody without a prior showing of physical
> injury or the commission of a sexual act. . . .

42 U.S.C. § 1997e(e).  It follows that plaintiff's claim for

damages based on an alleged injury to his liberty interest or of

retaliation is also barred by § 1997e(e).  Furthermore, Mr.

Beauclair presents no plausible basis for a claim of punitive

damages in the amount of $50,000 or any other amount because he

alleges no facts whatsoever showing that any defendant acted

with a sufficiently culpable state of mind.


**OTHER FILINGS**

Plaintiff submitted two documents among his "exhibits" that

are entitled "Declaration."  The first (Exh. B, Doc. 1-1 at 20)

is not dated, signed, or sworn to under penalty of perjury.

This "declaration" is not a proper amendment or supplement to

plaintiff's complaint, and although its content has been

considered by the court, it is an improper filing.

Plaintiff's second "Declaration" (Exh. G, Doc. 1-1 at 31)

is not dated.  Therein, plaintiff complains about prison

transfers since his incarceration in 2002 and baldly claims they

were "all due to retaliation."  He further alleges that he has

filed "many grievances at each prison facility" mainly dealing

with the denial of adequate medical treatment and complains that he been denied adequate care and that his grievances have been mishandled.  This is not a proper amendment or supplement to the complaint.[19]  At the end of his complaint, plaintiff claims that this declaration (Exh. G) is "of retaliation in the past for the injunction relief."   The grounds for plaintiff's claim for injunctive relief must have been stated in his form complaint. The court finds that this declaration is improper and, in any event, finds that the allegations therein are nothing more than conclusory statements.  If plaintiff submits additional improper "declarations" in this or other cases, they may be disregarded by the court.

Plaintiff's "Request" for "Service of Summons" (Doc. 6) has been considered and is denied.  Summons shall not be ordered by the court until a complaint has survived screening.


**DIRECTIONS TO PLAINTIFF**

Mr. Beauclair is ordered to show cause why the complaint

---

[19]    In order to add any claim or significant allegations that were not presented in the original complaint, a plaintiff must file a complete "Amended Complaint."    See Fed.R.Civ.P. Rule 15.    An Amended Complaint completely supersedes the original complaint, and therefore must contain all claims the plaintiff intends to pursue in the action, including those presented in the original complaint.  Plaintiff has not properly added claims or allegations to his original complaint by simply filing a "declaration" setting forth possible, additional claims.  Furthermore, under Rule 15, a plaintiff must seek leave of court to supplement his complaint.  Finally, the court notes that claims of denial of medical treatment do not appear to be properly joined with the due process and retaliation claims in this complaint, and thus must be raised in a separate action.

filed herein should not be dismissed as frivolous and for failure to state a claim for relief.   See 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").   Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Mr. Beauclair is notified that evidence of his exhaustion of administrative remedies, like evidence of his claims, is not to be submitted with the complaint as exhibits.   Instead, proof of either exhaustion or claims is generally not required until later stages in judicial proceedings.   Nevertheless, when such exhibits are provided with the complaint, their content may be considered by the court during screening.

Mr. Beauclair has been designated a three-strikes litigant as a result of his abusive litigation practices.   The court finds that plaintiff's pleadings, the averments in his declarations, and his exhibited administrative records along with filings in his other pending and closed cases reflect that he consistently exaggerates complaints of being mistreated or retaliated against.   His filings further reflect his consistent inability or refusal to comply with prison and court rules and

directives and to accept that he is subject to the authority of correctional officials.   Mr. Beauclair has continuously filed prison grievances and civil rights actions in this court in which he aims to manipulate or personally attack correctional officials.   The instant action appears to be a personal attack upon and attempt to manipulate defendants that is subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is advised that this Memorandum and Order is not a final judgment in this case and thus a motion for relief from judgment would not be appropriate.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's Request for Service of Summons (Doc. 6) is denied.

**IT IS SO ORDERED.**

Dated this 7th day of January, 2015, at Topeka, Kansas.


**s/Sam A. Crow**
**U.S. Senior District Judge**